THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
John Doe a/k/a Scott Milton  John Doe a/k/a Jim Henry AND Child: Jordan Thomas Rogers  DOB: 2/28/01,       
Defendants,
of whom John Doe a/k/a Scott Milton and John Doe a/k/a Jim Henry are       
Appellants.
 
 
 

Appeal From Beaufort County
Jane D. Fender, Family Court Judge

Unpublished Opinion No. 2005-UP-310
Submitted May 1, 2005  Filed May 6, 2005

AFFIRMED

 
 
 
Scott M. Merrifield, of Beaufort, for Appellants.
Tracy OKelly Klatt, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  John Doe a/k/a Scott Milton and John Doe a/k/a Jim Henry appeal the family courts order terminating their parental rights to Jordan Thomas Rogers.  On appeal, they argue the family courts final order terminating their parental rights was void due to defective service of process by publication.  Specifically, they argue the service was defective because the amended pleadings first naming them as parties were filed after DSS published the notice, which violates S.C. Code Ann. § 15-9-740 (1976).  They further allege the merits hearing was held in violation of Rule 40(h), SCRCP, which generally prohibits such a hearing until 120 days after the last pleading naming a new party was filed.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); McKissick v. J. F. Cleckley & Co., 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996) (The objection should be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the trial judge.);  Gurganious v. City of Beaufort, 317 S.C. 481, 488, 484 S.E.2d 912, 916 (Ct. App. 1995) (holding a party may not present one ground at trial and then change his theory on appeal; the same ground argued on appeal must have been argued at trial).
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ., concur.